UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD G. TURAY,<br><br>                  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF SOCIAL HEALTH SERVICES/SPECIAL COMMITMENT CENTER, KELLY CUNNINGHAM, DOUG MELTON, RRC JANNSEN, RRC FRENCH, and CONTRACT WORKER FOR STATUS ELECTRIC,<br><br>                  Defendants. | No. C11-5618 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

Before the Court for review is the proposed civil rights complaint of Plaintiff Richard G. Turay, a resident of the Department of Social Health Services (DSHS) Special Commitment Center (SCC). ECF No. 1-1. Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* (IFP). At this time, the Court will not serve the complaint because it is deficient. Plaintiff shall be given an opportunity to submit an amended complaint, as explained below.

**DISCUSSION**

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte*

ORDER TO AMEND OR SHOW CAUSE- 1

invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362). Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the Court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely

ORDER TO AMEND OR SHOW CAUSE- 2

clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his complaint, Plaintiff alleges that on July 29, 2011, between 10:00 a.m. and 10:30 a.m., an unidentified electrical worker was using power tools in the Cedar Unit of the Special Commitment Center (SCC). The worker responded to another resident's question by stating "None of your business, 'RAPOS', Don't' talk to me!" Plaintiff claims that residents in the dayroom began to move toward the worker demanding an apology and requesting that the worker leave. Plaintiff alleges that the worker was "brandishing" a large screwdriver menacingly. After a desk staff requested that everyone "lock up," Plaintiff said "No! Nobody lock up!" as he felt they were all in danger. ECF No. 1-1, pp. 4-5. Plaintiff alleges that after a few minutes, the "QRT Team" showed up to "allow [him] to get away from this guy." *Id.*, p. 5.

Plaintiff seeks $5 million in damages against SCC for their "criminal negligence," and $1 million in damages for Plaintiff's pain and suffering. ECF No. 1-1, p. 3.

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal. First and foremost, the "contract" worker is not a "person acting under color of state law." To succeed on

ORDER TO AMEND OR SHOW CAUSE- 3

a § 1983 claim, a plaintiff ordinarily must demonstrate deprivation of a constitutional right by a person acting under color of state law. *Dang Vang v. Van Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir.1991). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted). "Under color of state law" means under pretense of state law. *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). There is no such pretense if the wrongful acts are wholly unrelated to the employee's duty. *Murphy v. Chicago Transit Auth.*, 638 F.Supp. 464, 467 (N.D.Ill.1986) (citing *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968)). "[A]ctions taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority." *Dang Vang*, 944 F.2d at 480 (citations omitted).

Plaintiff cannot pursue a Section 1983 claim in this court against an unidentified electrical "contract" worker who is not a state employee and was not acting under color of state law when he allegedly insulted another resident. In addition, Plaintiff alleges only that the undentified electrical worker verbally abused another resident. However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not

ORDER TO AMEND OR SHOW CAUSE- 4

state constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is so even if the verbal harassment is racially motivated. See *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution). Moreover, Plaintiff may not pursue a cause of action under 42 § 1983 on behalf of any other detainee.

Plaintiff also sues DSHS, the SCC, Kelly Cunningham, Doug Melton, RRC Jannsen, and RRC French, but includes no factual allegations or claims against these individuals. In fact, Plaintiff has alleged no conduct by anyone that could be construed as a violation of any of his constitutional rights. Plaintiff must allege facts demonstrating how the specific acts and conditions complained of have resulted in a deprivation of his federal constitutional rights and how each named defendant was involved in the deprivation of his rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations of official participation in civil rights violations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

ORDER TO AMEND OR SHOW CAUSE- 5

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff shall be given an opportunity to file an amended complaint to cure, if possible, the deficiencies identified by the Court. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants,

ORDER TO AMEND OR SHOW CAUSE- 6

plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.  The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's constitutional rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he shall do so **on or before October 7, 2011.**

(2) **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

**DATED** this  12th  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7