UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD G. TURAY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KELLY CUNNINGHAM, DOUG MELTON, RRC JANNSEN, RRC FRENCH, CATHI HARRIS, DON GAUNTZ, DAVID O'CONNOR, KENNETH RICONOSCUITO, RRC1 PRENTICE, RRC M. WHITE, RRC T. SMITH, RRC W. HOLMES, RRC BYRON EAGLE, RRC W. LARONEL, and RRC J. HENDERSON,<br><br>　　　　　　　　　Defendants. | No. C11-5618 BHS/KLS<br><br>ORDER DENYING MOTION FOR COUNSEL |

Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 27. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

ORDER - 1

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

       That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

       Plaintiff's motion consists of a heading, a signature, and a certificate of service.  ECF No. 27.  He makes no attempt whatsoever to plead any facts that show he has an insufficient grasp of his case or of the legal issues involved and an inadequate ability to articulate the factual basis of his claim.  Neither does he assert that he is likely to prevail on the merits of his claims nor does he provide any evidence or argument addressing the merits of his claims.  On the other hand, Plaintiff has demonstrated that he is able to articulate his claims in a clear fashion understandable to this Court.  This is not a complex case and this case will not require the use of experts or any other in-depth analysis or argument.  Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

ORDER - 2

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (ECF No. 27) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this  15th   day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3